UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

JONATHAN BRUCKNER , an individual, and
ALBERTO RIOS, an individual,

    Plaintiffs,

JURY TRIAL DEMANDED

vs.

MID FLORIDA ARMORED WPB, INC.
a Florida for-profit corporation, and
SEAN CAMERON, an individual,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES**

The Plaintiffs, JONATHAN BRUCKNER and ALBERTO RIOS, sue the Defendants, MID FLORIDA ARMORED WPB, INC. (**"Mid Florida Armored"**) and SEAN CAMERON, and state as follows:

**INTRODUCTION**

1. This is an action to recover monetary damages for unpaid overtime wages and retaliatory discharge and to redress the deprivation of rights secured to Plaintiffs by the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §201 et. seq.

**JURISDICTION**

2. This Court has original jurisdiction over the FLSA claims asserted herein pursuant to FLSA, 29 U.S.C. §201 et seq., 29 U.S.C. 216(b) and 28 U.S.C. §1331.

3. At all times pertinent to this Complaint, the Defendant Mid Florida Armored was an "enterprise engaged in interstate commerce," as defined by the FLSA.

4. At all times pertinent to this Complaint, Defendants regularly operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

5. At all times pertinent to this Complaint, Defendant Mid Florida Armored employed two or more persons "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in §203(s)(1)(A)(i).

6. The Plaintiffs' work and that of other employees involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendant Metal Deck's business, and moved in interstate commerce.

7. During the relevant time period, Defendant Mid Florida Armored had an annual gross volume of sales made or business done in excess of $500,000.00 in accordance with §203(s)(1)(a)(ii).

8. During the relevant period, the Defendant Mid Florida Armored conducted substantial and continuous business in this judicial district.

**VENUE**

9. Venue is proper in this Court because the Plaintiffs performed work for Defendants in West Palm Beach, Florida, in Palm Beach County, Florida, which is within the Southern District of Florida.

10. The Southern District of Florida is the place where the causes of action occurred.

**PARTIES**

11. From on or about July 6, 2020 to on or about October 16, 2020, Plaintiff Jonathan Bruckner was employed by the Defendants in the position of an armored car

guard/driver/messenger servicing customers wholly within Florida. Thus, the Relevant Time Period (hereinafter **"RTP-JB"**) for Plaintiff Jonathan Bruckner was from on or about July 6, 2020 until October 16, 2020.

12. During the RTP-JB, Plaintiff Jonathan Bruckner resided in Palm Beach County, Florida.

13. During the RTP-JB, Plaintiff Jonathan Bruckner was as an "employee" of the Defendants within the meaning of the FLSA.

14. The Plaintiff Jonathan Bruckner was employed by the Defendants within the meaning of the FLSA.

15. From or about July 24, 2020 to on or about October 16, 2020, Plaintiff Alberto Rios was employed by the Defendants in the position of an armored car guard/driver/messenger servicing customers wholly within Florida. Thus, the Relevant Time Period (hereinafter **"RTP-AR"**) for Plaintiff Alberto Rios was from on or about July 24, 2020 until October 16, 2020.

16. During the RTP-AR, Plaintiff Alberto Rios resided in Palm Beach County, Florida.

17. During the RTP-AR, Plaintiff Alberto Rios was as an "employee" of the Defendants within the meaning of the FLSA.

18. The Plaintiff Alberto Rios was employed by the Defendants within the meaning of the FLSA.

19. The Defendant, Mid Florida Armored, was and continues to be a Florida corporation engaged in the transaction of business in Palm Beach County, Florida, with its business address at 5701 Village Boulevard, West Palm Beach, Florida 33407.

20. During the relevant time periods, the Defendants operated Mid Florida Armored as an armored car services company.

21. During the relevant time periods, Defendant Mid Florida Armored was an "employer" of Plaintiff Jonathan Bruckner within the meaning of the FLSA.

22. During the relevant time periods, Defendant Metal Decks was an "employer" of Plaintiff Alberto Rios within the meaning of the FLSA.

23. During the relevant time periods, Defendant Sean Cameron was employed as the Branch Manager for South Florida by Mid Florida Armored, and was directly or indirectly responsible to the day-to-day management and/or operations of Mid Florida Armored and/or was directly or indirectly responsible for the supervision of Plaintiffs.

24. During the relevant time periods, Defendant Sean Cameron was directly or indirectly responsible for decisions affecting employee compensation and/or hours worked by the Plaintiffs.

25. Defendant Sean Cameron is personally liable as an employer for the violations alleged herein.

**STATEMENT OF FACTS**

26. Plaintiffs Jonathan Bruckner and Alberto Rios' job duties in the position of armored car guard/driver/messenger included but were not limited to the following:

(a) arrival each morning at the West Palm Beach work premises to begin job duties in company vehicle;

(b) picking up/delivering customer change orders/deposits containing customers' cash and valuables;

(c) loading/unloading vehicle cargo consisting of multiple bags and boxes of cash bills and coins;

4

(d) counting items, recording amounts and serial numbers, signing and dating receipts and manifests, sorting individual cargo items by route;

(e) communicating with customers verbally on-site and via telephone;

(f) maintain the safety, security and control of the vehicle at all times;

(g) remain alert and prepared at all times, not only protecting the crew or premises against attack, but also watching for accidents that could result in a loss; and

(h) maintain communication with the branch and/or dispatch personnel.

27. Upon commencing employment for Defendants Plaintiff Jonathan Bruckner was required to purchase the following items for which he was not reimbursed:

(a) armored tactical vest: $120;

(b) level 3 armored plates: $300;

(c) boots: $100;

(d) gun belt: $100;

(e) holster: $106;

(f) 2 pairs of pants: $80; and

(g) gun: $487.

28. Upon commencing employment for Defendants Plaintiff Alberto Rios was required to purchase the following items for which he was not reimbursed:

(a) armored tactical vest and plates: $575;

(b) boots: $120;

(c) gun belt: $25;

(d) holster: $39;

(e) 2 pairs of pants: $60; and

(f)     gun:  $515.

29.     Defendants failed to pay overtime hours for Plaintiffs' hours worked over forty (40) hours per week.

30.     Defendants worked five (5) days a week plus one Saturday per month and the total hours worked were recorded in the trucks' GPS systems and Defendants refused to pay Plaintiffs their overtime wages thus due.

31.     Defendants maintained GPS records of all times that Plaintiffs worked and thus the exact claim for overtime will be adjusted when those records are produced by Defendants in format that permits the appropriate ascertainment.

32.     Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

33.     The Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived or are inapplicable.

34.     The Plaintiffs have retained the Law Office of Rose H. Robbins to represent them in this action, and are obligated to pay reasonable attorney's fees, costs and expenses.

## STATEMENT OF CLAIMS

### COUNT I

**VIOLATION OF FLSA, 29 U.S.C. § 207 (UNPAID OVERTIME)**

**BY PLAINTIFF JONATHAN BRUCKNER AGAINST DEFENDANTS MID FLORIDA ARMORED WPB, INC. AND SEAN CAMERON**

35.     Plaintiff Jonathan Bruckner repeats and re-alleges paragraphs 1 through 34 as if fully set forth herein.

36. Jonathan Bruckner's employment with the Defendants was to consist of a normal work week for which he should have received time and one-half for hours worked in excess of the maximum hours provided for in the FLSA.

37. During Plaintiff Jonathan Bruckner's employment, he worked hours in excess of forty (40) hours per workweek.

38. Plaintiff Jonathan Bruckner was not compensated at the statutory rate of time and one-half the applicable hourly rate for some of his overtime hours worked in a workweek.

39. Defendants' failure to pay Plaintiff Jonathan Bruckner overtime wages for hours worked in excess of forty (40) per workweek violated the FLSA.

40. Due to the unlawful acts of the Defendants, Plaintiff Jonathan Bruckner has suffered damages for unpaid overtime wages.

41. As a result of Defendants' disregard of the FLSA, Plaintiff Jonathan Bruckner is entitled to liquidated damages pursuant to the FLSA.

42. Plaintiff Jonathan Bruckner is entitled to an award of his reasonable attorney's fees, costs, and expenses pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff Jonathan Bruckner respectfully requests judgment in his favor:

    a. Defendants violated the overtime wage requirements of FLSA, 29 U.S.C. §207;

    b. awarding all unpaid overtime wages due or payable equal to the full overtime wage for each hour worked;

    c. awarding an equal amount in liquidated damages;

    d. awarding Plaintiff reasonable attorney's fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e. awarding post-judgment interest; and

f. awarding all other and further relief this Court deems to be just and proper.

## COUNT II

## VIOLATION OF 29 U.S.C. §215(a)(3) (RETALIATORY DISCHARGE)

## BY PLAINTIFF JONATHAN BRUCKNER AGAINST DEFENDANTS MID FLORIDA ARMORED WPB, INC. AND SEAN CAMERON

43. Plaintiff Jonathan Bruckner repeats and re-alleges paragraphs 1 through 34 as if fully set forth herein.

44. Plaintiff Jonathan Bruckner had complained on several occasions during the course of his employment to his supervisor, Sean Cameron, that he needed to be paid for the overtime hours beyond forty (40) hours per week.

45. Plaintiffs Jonathan Bruckner and Albert Rios frequently discussed the failure of their employer to pay overtime for the hours worked over 40 hours per week while driving in the company truck and these conversations were recorded on the surveillance cameras and were easily accessible to Defendants.

46. Plaintiff Jonathan Bruckner was not provided with a company policy manual or handbook at the time he was hired.

47. On or about September 23, 2020, Plaintiff Jonathan Bruckner had called Human Resources employee Erica to ask for a copy of an employee handbook. Erica explained that he had not received a copy at hire because the company was in the process of updating the handbook. Erica replied that she would have to speak to Danny Persaud, the owner of Defendant Mid Florida Armored, to see if she could give Plaintiff Jonathan Bruckner the current version. Erica never called back and Plaintiff never received the employee handbook.

8

48. Plaintiff had an excellent work record throughout his employment and had received numerous compliments.

49. At the time of his 90-day evaluation test on Saturday, October 3, 2020, Plaintiff was told by Defendant Sean Cameron, who had administered the test, that he had passed, that his 90-day probation period was over and that he would get the appropriate $50 raise.

50. A few days later, on October 6, 2020, Plaintiffs had complained to their supervisor, Defendant Sean Cameron, about the fifteen (15) additional stops which were being added to the twenty-two (22) stops already on Plaintiffs' weekly route, stating that this increase in stops would increase both Plaintiffs' unpaid overtime hours even more.

51. That same day, October 6, 2020, Plaintiff Jonathan Bruckner received written notice from the HR Department that he had not "passed" his probationary 90-day evaluation test and that his probation period was being "extended" until November 6, 2020. This also meant that he would not receive the promised raise of $50 until November 6, 2020.

52. On October 13, 2020, the Plaintiffs were driving back from Key West on I95/I75 when a man in a red Dodge pulled up to the passenger side and pointed a Glock gun at them. Since Plaintiff Jonathan Bruckner knew he was driving an "unarmored" company vehicle with about $500,000 in it, he believed that his life and that of Plaintiff Alberto Rios was in immediate danger. Plaintiff Jonathan Bruckner drew his gun and pointed it back at the other car. The red Dodge immediately fled when they saw Plaintiff Jonathan Bruckner's gun and armored vest. Plaintiff Jonathan Rios called 911 and reported the incident and the license number of the red Dodge. Plaintiff Jonathan Bruckner also spoke with his company who had witnessed the incident as well since they have an excellent surveillance system for the inside and outside of the company truck.

When the Plaintiffs returned to the company premises later that day, they were shocked to find out that they were suspended without pay effective immediately.

53. On October 13, 2020, Defendants took adverse action in that Plaintiff Jonathan Bruckner was abruptly suspended without pay and formally "fired" on Friday, October 16, 2020 based on the false pretext that Plaintiffs had handled the "gun" incident in an improper manner.

54. The reason given by Defendants for the termination of Plaintiff Jonathan Bruckner was clearly a pretext and not the direct or indirect reason why he was terminated.

55. There is a direct causal relationship between the Plaintiff Jonathan Bruckner having informed Defendants of his overtime claims repeatedly during his employment and most recently on October 6, 2020 and the abrupt termination of his services shortly thereafter since there was no justifiable reason for Defendants' adverse employment action.

56. The motivating factor which caused Plaintiff's discharge as described above was the notice to Defendants of Plaintiff's right to overtime wages. In other words, Plaintiff Jonathan Bruckner would not have been discharged but for his complaint to Defendants for overtime wages.

57. The Defendants' termination of Plaintiff was in direct violation of 29 U.S.C. 215(a)(3) and, as a direct result, Plaintiff has been damaged.

58. Despite diligent efforts, Plaintiff was not able to find employment in his field for four and one half weeks.

59. Plaintiff, feeling embarrassed and humiliated by the circumstances surrounding his firing, suffered from emotional distress and depression for quite some time after his firing and this took a dire toll in his life.

WHEREFORE, Plaintiff Jonathan Bruckner respectfully requests that judgment be entered in his favor against the Defendants Mid Florida Armored WPB, Inc. and Sean Cameron:

    a.    Declaring that the Defendants violated the retaliation provisions of 29 U.S.C. §215(a)(3);

    b.    Awarding Plaintiff such legal or equitable relief including payment of past and future wages lost wages for retaliation as well as all other damages recoverable by law under the provisions of 29 U.S.C. § 215(a)(3);

    d.    Awarding Plaintiff liquidated damages in the amount calculated;

    e.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    f.    Awarding Plaintiff post-judgment interest; and

    g.    Ordering any other relief this Court deems to be just and proper.

## COUNT III

### VIOLATION OF FLSA, 29 U.S.C. § 207 (UNPAID OVERTIME) BY PLAINTIFF ALBERTO RIOS AGAINST DEFENDANTS MID FLORIDA ARMORED, INC. AND SEAN CAMERON

60.    Plaintiff Alberto Rios repeats and re-alleges paragraphs 1 through 34 as if fully set forth herein.

61.    Alberto Rios' employment with the Defendants was to consist of a normal work week for which he should have received time and one-half for hours worked in excess of the maximum hours provided for in the FLSA.

62.    During Plaintiff Alberto Rios' employment, he worked hours in excess of forty (40) per workweek.

63.    Plaintiff Alberto Rios was not compensated at the statutory rate of time and one-half the applicable hourly rate for some of his overtime hours worked in a workweek.

64. Defendants' failure to pay the Plaintiff Alberto Rios overtime wages for hours worked in excess of forty (40) per workweek violated the FLSA.

65. Due to the unlawful acts of the Defendants, Plaintiff Alberto Rios has suffered damages for unpaid overtime wages.

66. As a result of Defendants' disregard of the FLSA, Plaintiff Alberto Rios is entitled to liquidated damages pursuant to the FLSA.

67. Plaintiff Alberto Rios is entitled to an award of his reasonable attorney's fees, costs, and expenses pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff Alberto Rios respectfully requests judgment in his favor:

a. Defendants violated the overtime wage requirements of FLSA, 29 U.S. C. §207;

b. awarding all unpaid overtime wages due or payable equal to the full overtime wage for each hour worked;

c. awarding an equal amount in liquidated damages;

d. awarding Plaintiff reasonable attorney's fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. awarding post-judgment interest; and

f. awarding all other and further relief this Court deems to be just and proper.

## COUNT IV

**VIOLATION OF 29 U.S.C. §215(a)(3) (RETALIATORY DISCHARGE) BY PLAINTIFF ALBERTO RIOS AGAINST DEFENDANTS ALL FLORIDA ARMORED WPB, INC. AND SEAN CAMERON**

68. Plaintiff Alberto Rios repeats and realleges Paragraphs 1 through 34 as if fully set forth herein.

69. Plaintiff Alberto Rios had an excellent employment history with no incidents or "write-ups."

70. Plaintiff Alberto Rios had complained on several occasions during the course of his employment to his supervisor, Sean Cameron, that he needed to be paid for the overtime hours beyond forty (40) hours per week.

71. Plaintiffs Jonathan Bruckner and Albert Rios frequently discussed the failure of their employer to pay overtime for the hours worked over 40 hours per week while driving in the company truck and these conversations were recorded on the surveillance cameras and were easily accessible to Defendants.

72. On October 6, 2020, Plaintiff Alberto Rios had complained to his supervisor, Defendant Sean Cameron, about the fifteen (15) additional stops which were being added to the twenty-two (22) stops already on the Plaintiffs weekly route stating that this would increase both Plaintiffs' unpaid overtime hours even more.

73. On October 13, 2020, the Plaintiffs were driving back from Key West on I95/I75 when a man in a red Dodge pulled up to the passenger side and pointed a Glock gun at them. Since Plaintiff Jonathan Bruckner knew he was driving an "unarmored" company vehicle with about $500,000 in it, he believed that his life and that of Plaintiff Alberto Rios was in immediate danger. Plaintiff Jonathan Bruckner drew his gun and pointed it back at the other car. The red Dodge immediately fled. Plaintiff Jonathan Rios called 911 and reported the incident and the license number of the red Dodge. Plaintiff Jonathan Bruckner also spoke with his company who had witnessed the incident as well since they have an excellent surveillance system for the inside and

outside of the company truck. When Plaintiffs returned to the company premises, Plaintiffs were shocked to find out that they were suspended without pay effective immediately.

74. Plaintiff Alberto Rios had never been disciplined during the time of his employment.

75. On October 13, 2020, Defendants took adverse action in that Plaintiff Alberto Rios was abruptly suspended without pay and formally "fired" on Friday, October 16, 2020, based on the false pretext that Plaintiffs had handled the "gun" incident in an improper manner.

76. The reason given by Defendants for the termination of Plaintiff Alberto Rios was clearly a pretext and not the direct or indirect reason as to why he was terminated.

77. There is a direct causal relationship between Plaintiff Alberto Rios having informed Defendants of his overtime claim against them and the abrupt termination of his services shortly thereafter since there are no justifiable reasons for Defendants' adverse employment action.

78. The motivating factor which caused Plaintiff's discharge as described above was the notice to Defendants of Plaintiff's right to overtime wages. In other words, Plaintiff would not have been discharged but for his complaints to Defendants for overtime wages.

79. The Defendants' termination of Plaintiff was in direct violation of 29 U.S.C. 215(a)(3) and, as a direct result, Plaintiff has been damaged.

80. Despite diligent efforts Plaintiff was unable to find work for four and one half weeks after being fired.

81. In addition, Plaintiff has suffered emotional distress from the humiliation of being fired in this manner.

WHEREFORE, Plaintiff Alberto Rios respectfully requests that judgment be entered in his favor against the Defendants Mid Florida Armored WPB, Inc. and Sean Cameron :

a. Declaring that the Defendants violated the retaliation provisions of 29 U.S.C. §215(a)(3);

b. Awarding Plaintiff such legal or equitable relief including payment of past and future wages lost wages for retaliation as well as all other damages recoverable by law under the provisions of 29 U.S.C. § 215(a)(3);

d. Awarding Plaintiff liquidated damages in the amount calculated;

e. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

f. Awarding Plaintiff post-judgment interest; and

g. Ordering any other relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: November 24, 2020

>Respectfully submitted,
>
>LAW OFFICE OF ROSE H. ROBBINS
>2255 Glades Road, Suite 324A
>Boca Raton, FL 33431
>Phone: (954) 946-8130
>Fax: (954) 301-2200
>robbinslawoffice@icloud.com
>*Attorney for Plaintiffs*
>
>By:   *s/Rose H. Robbins, Esq.*
>        ROSE H. ROBBINS
>        FBN:  0694568